AUTORIDAD DE TIERRAS DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

Núm. 1208.—*Sometido:* Mayo 8, 1947. *Resuelto:* Junio 16, 1947.

---

*Antonio Riera,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 24 de marzo de 1947 la Autoridad de Tierras de Puerto Rico presentó en el Registro de la Propiedad de Utuado una solicitud de cancelación de arrendamiento suscrita por su abogado ante un notario público. El registrador denegó la cancelación interesada fundándose en lo dispuesto por el artículo 79 de la Ley Hipotecaria, según fué enmendado por la Ley número 20 de 7 de julio de 1923 ((1) pág. 213), por no solicitarse la cancelación ,en escritura pública. Sostiene ahora la recurrente que procede la cancelación solicitada, toda vez que dicha ley enmendatoria no está en vigor porque el artículo 79 de la Ley Hipotecaria fué nuevamente enmendado por la Ley número 18 de 9 de julio de 1936 (Ses. Ext., pág. 145) y por no contener dicho artículo, según ha quedado últimamente enmendado, precepto alguno que haga indispensable o necesaria la escritura pública requerida por la enmienda de 1923 ya citada.

El artículo 79 de la Ley Hipotecaria, según fué enmendado en 1923, proveía taxativamente que la cancelación podía pedirse y debía ordenarse cuando se extinguía por com-

pleto el derecho inscrito, pero que en cuanto a los contratos de arrendamiento o subarrendamiento, tres meses después de vencido el término de los mismos, si no constaban en el registro prorrogados, o tres meses después de vencida la prórroga inscrita, quedaría extinguido el derecho inscrito y se procedería por el registrador a su cancelación, *a solicitud del arrendador,* arrendatario o subarrendatario o propietario del inmueble que apareciera con su derecho inscrito en el registro, *consignada en escritura pública.* Ese artículo, según fué enmendado por la Ley de 1936, supra, no contiene el requisito de la escritura pública, ya que el *Disponiéndose* que aparecía en la Ley de 1923 fué expresamente eliminado. La enmienda de 1936, desde luego, es la última expresión del legislador y ella, por supuesto, es la que prevalece, no teniendo eficacia alguna al presente la introducida en 1923.

Mientras regía el artículo 79 según fué enmendado en 1923 este Tribunal tuvo oportunidad de interpretar el mismo y resolvió que los artículos 79 y 82 de la Ley Hipotecaria, según fueron enmendados, debían ser interpretados conjuntamente a la luz del claro propósito legislativo y que el artículo posterior no era necesariamente incompatible con el *Disponiéndose* adicionado a la sección anterior. *Berio v. Registrador,* 35 D.P.R. 434, 439. En la actualidad tenemos que expresarnos en igual sentido, no obstante la enmienda de 1936, y nuestro criterio aún es que los artículos 79 y 82 de la Ley Hipotecaria pueden y deben ser interpretados conjuntamente.

Expuesto lo anterior, entremos directamente en la discusión del punto que está ante nos. El artículo 79 autoriza la cancelación total de un derecho inscrito cuando éste se extingue por completo y dispone en cuanto a los arrendamientos y subarrendamientos que si éstos tuviesen pacto o condición de prórroga, debidamente mencionados en el registro, ellos no serán cancelados hasta que expire el término de la

misma. Nada dice ese artículo respecto a la forma en que deberá solicitarse la cancelación. No obstante, el artículo 136 del Reglamento para la Ejecución de la Ley Hipotecaria autoriza que se solicite la cancelación mediante la propia escritura en cuya virtud se ha hecho la inscripción. También, que una nueva escritura de cancelación sólo será necesaria cuando extinguida la obligación por la voluntad de los interesados deba acreditarse esta circunstancia para cancelar la inscripción. Así pues, si la cancelación del arrendamiento se hubiera solicitado mediante la misma escritura de arrendamiento o a virtud de nueva escritura pública, el derecho a la cancelación sería palmario.

Empero, conforme hemos indicado, aquí la cancelación se solicita a virtud de declaración jurada suscrita ante notario por el abogado de la recurrente. Ésta, dicho sea de paso, adquirió la finca objeto del arrendamiento en 25 de octubre de 1943, o sea más de tres años antes de la fecha en que solicitó la cancelación del contrato de arrendamiento y cuando ya éste había expirado. No hay controversia alguna respecto a su derecho a solicitar la cancelación.

El artículo 82 de la Ley Hipotecaria provee en su párrafo primero que las inscripciones hechas a virtud de escritura pública no se cancelarán sino por providencia ejecutoria o por otra escritura o documento auténtico en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción. Ya hemos indicado que dicha cancelación pudo solicitarse a virtud de la propia escritura de arrendamiento, una vez demostrado que el término del mismo había expirado, o a virtud de nueva escritura pública. Sin embargo, el propio artículo 82, según fué enmendado por la Ley número 22 de 7 de julio de 1923 (pág. 219), continúa diciendo en su segundo párrafo que no obstante lo dispuesto en el primero, las inscripciones a que el mismo se refiere pueden cancelarse *sin los requisitos expresados,* cuando quede extinguido el derecho inscrito o así resulte de la misma

escritura inscrita.(1)    En el presente recurso el contrato de arrendamiento se otorgó por un término de diez años que empezaría a contarse desde el primero de julio de 1933 y terminaría en 30 de junio de 1943.    En su inscripción necesariamente tenía que expresarse la fecha de la expiración del arrendamiento (Artículo 68 del Reglamento), de forma que del propio registro aparecía que cuando se solicitó la cancelación ya el derecho de arrendamiento se había extinguido por transcurso del tiempo.    Artículo 132, inciso segundo del Reglamento.    Nada hay en los autos que demuestre que dicho contrato fuera prorrogado, ni ha sido ése el motivo por el cual el registrador ha denegado la inscripción.    Bajo esas circunstancias, el registrador recurrido tenía que saber que a la fecha en que se le presentó por la querellante la solicitud de cancelación del arrendamiento ya éste había expirado.    Si de la escritura inscrita y de la propia inscripción surgía que el derecho se había extinguido, de acuerdo con el segundo párrafo del artículo 82 no era indispensable la presentación de la escritura de arrendamiento o la de otra escritura pública suscrita por las partes.    La cancelación podía verificarse según los propios términos del referido artículo, sin los requisitos expresados,    Siendo ello así, ella podía solicitarse mediante declaración jurada presentada al registrador por la actual dueña de la finca.

*Debe revocarse la nota recurrida y efectuarse la cancelación.*

---

(1)El artículo 82 de la Ley Hipotecaria de España es muy parecido al nuestro, pero no contiene el segundo párrafo que acabamos de exponer.    A este respecto Morell en sus Comentarios a la Legislación Hipotecaria, 1917, Tomo 3ro., página 511, se expresa así:

''Los artículos 77 al 85 de aquellas leyes (refiriéndose a las de Cuba y Puerto Rico) son iguales a los nuestros, con una variante que hace más completo y acertado el artículo 82.    Después del primer párrafo de este artículo, se añade: 'No obstante lo dispuesto en el párrafo anterior, las inscripciones o anotaciones a que el mismo se refiere, podrán cancelarse sin los requisitos expresados, cuando quede extinguido el derecho inscrito por declaración de la ley, o resulte así de la misma escritura inscrita.' ''